Dyer *v.* Burnham.

---

## DAVID DYER *versus* DANIEL BURNHAM.

The R. S., c. 148, § 47, provides that whenever a debtor shall willfully make a false disclosure, or withhold or suppress the truth, the creditor may commence a special action of the case against him, particularly alleging the false oath, and fraudulent concealment of such debtor's estate, or property, and on oath, before some justice of the peace, may declare his belief of the truth of the allegations in the writ and declaration ; and the justice administering the oath shall certify the same on the writ. The debtor shall *thereupon* be held to bail.

This remedy has its foundation in the statute alone.

The required oath and certificate thereof by a justice of the peace, are necessary, to make the allegations in the writ and declaration effectual under the statute.

ON DEMURRER. The defendant in this action having made a disclosure of his property and taken the poor debtor's oath, the plaintiff, a creditor, commenced a special action on the case against him, under the provision of the Revised Statutes, c. 148, § 47. The declaration in the writ alleged, among other things, that the defendant had willfully made a false disclosure. The service was by summons, and no oath was taken by the plaintiff before a justice, as provided in the above chapter of the Revised Statutes, declaring "his belief of the truth of the allegations in the writ and declaration."

The defendant demurred to the writ and declaration, setting forth the following causes of demurrer:—

*First.*—The plaintiff did not, on oath, before some justice of the peace, declare his belief of the truth of the allegations in the writ and declaration, and no certificate of such a declaration by the plaintiff has ever been made on the plaintiff's writ by any justice of the peace.

*Second.*—It is not alleged in said declaration that the plaintiff was a creditor of the defendant at the time of the commencement of his said action.

*Third.*—Said declaration does not contain any phrase or word showing that the supposed acts of the defendant therein alleged, were committed against the statute.

*Fourth.*—And also that the said declaration is, in other respects, uncertain, informal and insufficient.

As the case turned upon the first assigned cause of demurrer, we omit the arguments of counsel upon the other points.

*Shepley & Dana* and *J. M. Hayes* for defendant contended:

1. Every material fact which constitutes the ground of the plaintiff's action, and all the circumstances necessary to bring his case within the statute, must be alleged in the declaration. Chitty's Pleadings, vol. 1, p. 255; *Drowne* v. *Stimpson*, 2 Mass. 441; *Williams* v. *Hingham Turnpike*, 4 Pick. 341; *Curtis* v. *Kidder*, 26 Maine, 97; *U. S. Bank* v. *Smith*, 11 Wheaton, 172.

2. Where a particular mode of proceeding is pointed out in a statute, that mode must be strictly observed. Oliver's Precedents, Notes, p. 527.

3. Section 47 of c. 148, R. S. points out a particular mode of proceeding, to be strictly pursued by the creditor who would maintain an action on the case based upon that section. He is required to "particularly allege the false oath and the fraudulent concealment of the debtor's estate or property, and on oath, before some justice of the peace, to declare his belief of the truth of the allegations in the writ and declaration," such oath to be certified on the writ by the justice administering it; and thereupon the writ is to be served— not in the ordinary way, by summons and attachment—but only by an arrest of the defendant, who shall be held to bail, or committed to jail to abide the judgment in the suit.

4. The plaintiff did not, on oath, before some justice of the peace, declare his belief of the truth of the allegations in his writ and declaration. The want of a legal oath has, in our practice, always been considered a sufficient cause for a demurrer, or its equivalent, a motion in arrest in criminal proceedings.

In *Fogg* v. *Fogg et al*, 31 Maine, 302, a demurrer to a plea in abatement not properly verified by the oath of the defendant, was sustained. The defendant's counsel contended that the demurrer was to the plea only, but the court decided that the verification was an essential part of the plea.

*John Rand*, for plaintiff, argued on the first point in demurrer, that the oath was necessary only when the plaintiff wished to *arrest* the defendant.

TENNEY, C. J.—Section 47 of c. 148, R. S., under which this action is sought to be maintained, provides, that whenever a debtor authorized or required to disclose on oath, by the provisions of the chapter referred to, shall willfully disclose falsely, or withhold or suppress the truth, the creditor may commence against such debtor a special action of the case, particularly alleging the false oath, and fraudulent concealment of such debtor's estate or property, and on oath, before some justice of the peace, may declare his belief of the truth of the allegations in the writ and declaration, and the

justice administering the oath, shall certify the same on the writ; and thereupon the debtor shall be held to bail, &c.

This remedy has its foundation in the statute alone. The kind of action, the substance of the declaration and the verification of the truth of the allegations therein touching the false oath, to be certified upon the writ, and the mode of service of the same upon the debtor, are prescribed. In the following section, it is provided what judgment shall be rendered, and how execution thereon shall be enforced, if the creditor prevail in such suit. The word "thereupon" in the section invoked, to sustain this action, following immediately the requirement of what shall be the allegations in the writ and declaration, and the oath of the belief of their truth by the creditor certified thereon, according to grammatical construction and rules of punctuation, refer equally to the allegations and the required evidence of their truth, as essential to the suit to be instituted under the statute. A writ must conform to this requirement of the statute before the debtor can with propriety be called upon to answer thereto, by a mode of service which is imperative, and for which no substitute is provided.

It is insisted in behalf of the plaintiff, that the oath required by the provision is intended only as authority to hold the debtor to bail. On this construction, the whole design of the Legislature herein was, that in a writ, charging the debtor in effect with the crime of perjury, the creditor by the arrest might secure the body, to be taken on execution, and that too, without any declaration of a belief that a departure from the State was apprehended, and when in every other action, not founded upon a contract, &c., and in which no moral wrong might be certainly involved, the power to arrest and hold to bail was unlimited. Same chapter, § 9.

The language used in the statute was most manifestly designed not to have this limited application. But the purpose undoubtedly was, that the creditor should not institute the suit against his debtor under this provision, to be followed by such consequences if maintained, when the disclosure, sworn

Dyer *v.* Burnham.

to by the latter, until met by the oath of the former that he believed it untrue, might be presumed to be founded in truth.

The oath required is necessary to make the allegations in the writ and declaration effectual, under the statute. Opposed as they are to the oath of the debtor, without the verification required, they are a nullity. They become material only in the mode specified.

In the case before us, there is no oath of the creditor certified upon the writ by a justice of the peace, of his belief of the truth of the allegations in the writ and declaration, and the declaration is fatally defective in this respect. The admission of all the facts well pleaded by the demurrer, does not give the plaintiff a right of action under the statute relied upon. The case of *Fogg* v. *Fogg*, 31 Maine, 302, is in point, and the want of the certificate of the oath upon the writ, is similar to a want of verification of the facts alleged in a plea in abatement.

Other causes of demurrer are stated, but the result to which we come upon the cause renders consideration of the others unnecessary, and no opinion is indicated thereon.

*Demurrer sustained.* — *Declaration adjudged bad.*

RICE, CUTTING, and HATHAWAY, J. J., concurred. GOODE-NOW, J., dissented, and gave the following opinion :—

GOODENOW, J. — This is an action on the case. The writ is dated, the 22d day of October, 1851, and was returnable on the second Tuesday of November, 1851. The action was duly entered and continued from time to time until the January term, 1856, when the defendant put in a demurrer to the declaration, and alleged, "that the said declaration, and the matters therein contained, in manner and form as the same are above stated and set forth, are not sufficient in law, &c.," and prays judgment, "by reason of the insufficiency of said declaration in this behalf," and "that said plaintiff may be barred from having and maintaining his aforesaid action," &c.

"And the said defendant states and shows to the Court

here the following causes of demurrer to the said declaration —that is to say—that, *First*, the plaintiff did not, on oath before some justice of the peace, declare his belief of the truth of the allegations in the writ and declaration, and no certificate of such declaration by the plaintiff, has ever been made on the plaintiff's writ by any justice of the peace.

*Second,* It is not alleged in said declaration that the plaintiff was a creditor of the defendant at the time of the commencement of his said action.

*Third,* Said declaration does not contain any phrase or word showing that the supposed acts of the defendant, therein alleged, were committed against the statute.

*Fourth,* And also that said declaration is in other respects, uncertain, informal and insufficient." To this demurrer there is a joinder.

For ought that appears there was a general appearance entered for the defendant at the term at which the writ was returnable. This is to be presumed. No plea in abatement, or motion ·in abatement for matter apparent on the record, was ever filed. The return of the officer of service upon the writ has not been furnished to us; but it was admitted at the argument, to have been a service made by summons and attachment, and not by arresting the body of the defendant.

When there has been no legal service of a writ, and the defect is apparent on the record, the Court will abate it *ex officio;* or when it appears on the record that the Court has no jurisdiction of the case, or that there is a substantial defect in the writ.

The original writ may be framed either to attach the goods or estate of the defendant, and for want thereof to take his body; or it may be an original summons, either with or without an order to attach the goods or estate. R. S., c. 114, § 23. When goods or estate are attached on either of said writs, a separate summons in form by law prescribed shall be delivered to the defendant or left at his dwelling-house or place of last and usual abode, fourteen days before the sitting of the Court, to which the said writ is made returnable,

*which shall be sufficient service of the writ or original summons.* § 24.

The writ, in this case, commanded the officer to attach the goods or estate of the defendant, and to summon him to appear, &c. It is not denied and cannot properly be denied in the discussion of this question, that such service was made.

But it is contended, on the part of the defendant, that the defect goes deeper and destroys the foundation of the action. It may well be doubted whether this question can properly arise upon the demurrer, and whether the defendant should not have pleaded the fact, instead of demurring, or have made his motion to the Court to abate the writ for matter apparent upon the record.

But it may be for the interest of both parties to know the opinion of the Court upon this question, and others which have been made.

The action is founded on § § 47, 48, of c. 148, of the Revised Statutes; which are as follows:—"Whenever a debtor authorized or required to disclose on oath by the provisions of this chapter, shall willfully disclose falsely, or withhold or suppress the truth, the *creditor* may commence against such debtor, whether otherwise criminally prosecuted or not, *a special action on the case, particularly alleging the false oath and the fraudulent concealment of such debtor's estate or property,* and on oath before a justice of the peace may declare his belief of the truth of the allegations in the writ and declaration, and the justice administering the oath shall certify the same on the writ; and thereupon the debtor shall be held to bail, or in default thereof, committed to jail to abide the judgment in the suit."

It is contended, on the part of the defendant, that this oath must be made by the plaintiff, and certified on the writ; and that the service of the writ must be made in this way, by holding the defendant to bail, or in default thereof, committing him to jail, to abide the judgment in the suit; *and that legal service can be made in no other way.* If this is the law, the plaintiff must ultimately fail in the suit, as it is not pretended that this was, in fact, done; and the writ itself does

not allow it to be done. It does not command the officer to arrest the body of the defendant. If this is a defect, it is a fatal defect, apparent upon the record, incurable by an amendment.

But is such the law? Is it to be presumed that it was the intention of the Legislature to take from the creditor any of the means of collecting his debt? Why should they not permit him to proceed still, if he prefers to do so, against the property of his debtor, in this special action on the case, and after recovering a judgment, and failing to obtain satisfaction of it, from the property, proceed against the body of the debtor? Section 48 provides, "If the creditor prevail in such suit, judgment shall be rendered against such debtor for double the amount of the debt and charges on the former judgment; and the *debtor may be arrested and committed to prison* on any execution issued on the judgment last recovered, without any privilege of release or discharge, except by payment or the consent of the creditor."

What was the object of requiring the oath of the creditor to be made, and certified on the writ? Simply to allow him, if he chose, to arrest the body of the debtor on the writ, instead of attaching property. But it is said that he had *this* power before; that the ninth section, c. 148, provides, that "in all actions not founded on contract or on a judgment on such contract, the original writ or process *shall* run against the body of the defendant, and he may be thereon arrested or imprisoned, or he may give bail.

It will not be contended that *shall* here means *must*. This Court has decided that by virtue of this section, a plaintiff's writ in any action, not founded on contract or a judgment on such contract, may run against the body of the defendant, and be served by his arrest, or not, at the pleasure of the plaintiff.

The Legislature may have considered this as a remedial statute, substituting a new process to collect a debt, instead of an action of debt upon the judgment, and therefore questionable whether it did not grow out of a contract, or a judgment

on such contract; and to remove all doubt on that question, they may have provided specially that the body of the debtor might be arrested on the writ, if the preliminaries of an oath, by the creditor, and a certificate of the same upon the writ, were complied with. Or they might have intended, if the action was "not founded on contract, or upon a judgment on such contract," for good reasons, to make it an exception to the general rule; and not allow the debtor to be arrested in this special action of the case, after he had sworn to the truth of his disclosure, unless the plaintiff would first make oath " and declare his belief of the truth of the allegations in the writ."

In a trial of this action upon a plea of not guilty, it cannot be well doubted that something more than the testimony of a single witness would be necessary in order to authorize the jury to find a verdict for the plaintiff.

No one will question the soundness of the doctrine contended for, and the authorities cited by the counsel for the defendant, on this point. 2 Greenl. Ev. § 426; *Cook* v. *Jackson*, 6 Vir. 40; *Langhear* v. *Kelley*, 8 Cush. 199; *Page* v. *Smith*, 25 Maine, 256. But we do not consider it applicable to the question under consideration. The oath of the plaintiff, if duly made and certified upon the writ, could not have been used by him in a trial before the jury, or have had any weight, or have been considered by the jury, as furnishing a scintilla of evidence in proof of the allegations in the writ.

The whole proof necessary must have come from other sources, or the plaintiff must have failed in his suit to have obtained a verdict in his favor. Where the reason ceases the law ceases. And when we take into view the object of the provision which authorizes the plaintiff to declare his belief of the truth of the allegations in the writ and declaration, and to have the same certified upon the writ, we cannot regard the same as indispensable to the maintenance of the action.

In the case of *Fogg* v. *Fogg*, 31 Maine, 302, cited by the counsel for the defendant, the plea in abatement was not

verified by affidavit, as required by a rule of the Court, and was, for this cause, adjudged bad. We regard that case as entirely different from this.

The right to arrest the body, is a privilege given to the *plaintiff*, and not to the *defendant*. It is to be presumed, that the defendant would always prefer that the plaintiff should adopt that course, in enforcing his claim, which would be least oppressive. The policy of the law is to encourage this. The law is not vindictive. An officer is obliged to take sufficient bail when it is tendered. The personal liberty of the citizen is not to be wantonly or unnecessarily invaded. He is entitled to his liberty unless he has forfeited it by crime or fault of some kind. The law will not presume he has sworn falsely or made a false disclosure, or fraudulently concealed his property. And although it gives the plaintiff an additional remedy of an action on the case, it will not allow the plaintiff to cause the defendant to be arrested, unless the plaintiff will first neutralize by his own oath, the presumption which arises in favor of the defendant from his oath. What is accomplished by the arrest of the defendant in a case like this? Simply the security of his appearance to respond the judgment which may be recovered.

He does not necessarily go into close confinement. He can give bail as in other cases. The bail have the same rights to be discharged upon performing the conditions of the bond, as bail have in other cases. And when the judgment is rendered, if it is rendered for the plaintiff, execution will run against the goods and estate of the defendant, and for want thereof against the body, as in all other cases, and can be satisfied by money or other property, and will not absolutely and imperiously require the imprisonment of the defendant, as if he had been convicted of a crime. If he has committed a crime, he is still liable to be punished for that by a public prosecution. This is not a substitute for that.

It may as well be contended, that the *execution* can run only against the body, as that the *writ must* run *only* against

the body. It is not easy to perceive, why one proposition does not follow from the other. If the Legislature could have intended such an entire change of the process from beginning to end, to favor not liberty but oppression, we think they should have declared it most unequivocally.

2d. "It is not alleged in said declaration that the plaintiff was a creditor of the defendant at the time of the commencement of his said action."

The declaration alleges that the plaintiff recovered judgment against the defendant, and that execution was issued on that judgment, and that the defendant was arrested on that execution, and gave bond to disclose; and that he did disclose; and that upon such disclosure he did willfully disclose falsely, and withhold and suppress the truth; and that upon said disclosure the said justice allowed the said Daniel Burnham the poor debtor's oath required by law, and then and there administered the same to him, and then and there discharged him from his arrest and imprisonment.

And the plaintiff avers that, by reason of said willfully false disclosure of said Burnham, and his willfully withholding, suppressing and concealing the truth upon such disclosure, concerning his estate, an action hath accrued to him to have and recover of the said Burnham double the amount of the debt and charges on the former judgment; yet the said defendant, though requested, has not paid the same, but neglects to do so. The statute gives this action to the creditor, and only to the *creditor in the execution* upon which the defendant has disclosed. It is unlike the case in § 49, which gives an action "to *any creditor who may sue for the same,* in double the amount of the property so fraudulently conveyed." The Court might well hold, as they did hold, that, in a case under this last named section, the plaintiff must be a creditor at the time of the fraudulent concealment and transfer, and that he must continue to be a creditor up to the time of bringing his action, &c. *Thacher* v. *Janes,* 31 Maine, 528.

The writ and declaration allege that another writ of execution was sued out by the plaintiff against the defendant

and Fields, on the 2d of April, 1851, on which the defendant was arrested, &c. The presumption of law is, that the debt was unpaid at that time; otherwise, the execution could not properly have been issued; and that it was unpaid at the time of the arrest, and also at the time of the disclosure of Burnham.

On the 6th of June, 1851, the defendant made an application to a magistrate to issue a citation to the plaintiff, as his *creditor,* to appear, &c. And the return of the officer upon the citation shows that service was made upon Wm. Willis, as one of the attorneys of record of the said David Dyer. And the declaration alleges that the defendant was discharged from his arrest and imprisonment, not by paying the debt, but by taking the poor debtor's oath, &c.

The wrong then done by the defendant, in taking the false oath and by the fraudulent concealment of his property, as alleged in the declaration, was a wrong done to the *plaintiff, and to him alone, and vested in him, and in him alone,* a right of action under this 47th § of the statute. The statute qualifies him to sue, and him alone, and instantly.

The cases cited, of *Eustis* v. *Kidder,* 26 Maine, 97, and *Williams* v. *Hingham Turnpike Co.* 4 Pick. 341, are essentially unlike the case at bar.

It was held, in *McGee* v. *Barker,* 14 Pick. 216, not necessary to aver that by force of any law of the Commonwealth, the indorsee of a writ became liable; "the statute is a general law, to be taken notice of without being specially pleaded. It is sufficient to aver the facts which bring the indorser within the operation of the statute, without stating in terms the liability, which is an inference of law."

There is nothing in the case on which to found a presumption that the demand has been assigned, either before or since the alleged false disclosure.

Whenever one person sues and recovers judgment in his own name, for the benefit of another, he, being plaintiff on the record, is regarded in every respect as the judgment

Dyer *v.* Burnham.

creditor, unless it is otherwise provided by statute.  *Follans-bee* v. *Bird & al.* 8 Cush. 291.

If it appeared in fact that the demand had been assigned, we are of opinion that the assignment would carry with it all the remedies, with the right to pursue them, one and all, in the name of the assignee: "because the legal interest in such chose in action is still in him, and the assignee has only an equitable interest in it."

3d. It is not alleged in the declaration, that the action is founded on any statute.  We do not regard this statute as technically a penal statute, but as remedial, providing for giving to the plaintiff double the value of his demand, for the aggravation of the injury done him, by the wrongful oath and concealment of the defendant.  *Reed* v. *Northfield,* 13 Pick. 101; 16 Pick. 541; 16 Pick. 128; *Mansfield* v. *Ward,* 16 Maine, 435, and cases there cited by SHEPLEY, J.; *Quimby* v. *Carter,* 20 Maine, 218; *Philbrook* v. *Handley,* 27 Maine, 53; 31 Maine, 532.  When the sum to be recovered, is given to the *party grieved* only, the statute is remedial.  2 T. R. 148. No indictment shall be quashed, now, in this State, by reason of the omission of the words "contrary to the form of the statute," unless the defendant has been thereby prejudiced. R. S., c. 172, § 38.  We are of opinion that a recovery of judgment in this action would extinguish the right of the plaintiff to an action of debt on the original judgment, and might be pleaded in bar of such action, if one should be commenced.  The fourth alleged cause of demurrer does not seem to have been at all relied upon by the defendant at the argument.  The writ is adjudged good.

This judgment must be final, (unless the defendant can or will avail himself of relief from it, under the provisions of a recent statute of this State,) and for the amount claimed by the plaintiff, being "double the amount of the debt and charges on the former suit."